## Hirsch, Appellant, *v.* Silberstein.

Argued January 12, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James E. Riely*, with him *Robert F. Jackson*, and *Stassen and Kephart*, for appellants.

*Max W. Gibbs*, with him *Robert B. Cohen*, for appellees.

OPINION BY MR. JUSTICE COHEN, March 14, 1967:

This is an appeal from a decree of the court below dismissing appellants' complaint in equity in which appellants sought to set aside by rescission or cancellation two deeds to a property originally owned by them. The property in question is a one-acre lot adjoining appellants' home in Newtown Township, Delaware County. On April 14, 1965, appellants and husband appellee Silberstein executed a written agreement of sale whereby Silberstein agreed to purchase the lot in question for $10,000. On May 25, 1965, settlement was held and appellants conveyed the property to the Silbersteins by deed. On the same date, appellees Silberstein conveyed the same parcel of ground to appellees Cross, who are Negroes. In connection with the latter conveyance, husband appellee Silberstein executed an affidavit averring that he had been acting as a straw party for appellees Cross, and the transaction was, therefore, exempt from the real estate transfer tax.

Appellants argue that appellee Silberstein transferred or assigned the agreement of sale in violation of a clause in the agreement which provides: "This agreement shall not be assigned or transferred by the Buyer without the written consent of the Seller being first had and obtained. Subject to the said provision regarding assignment by Buyer, this agreement shall extend to and bind the heirs, executors, administrators and assigns of the respective parties hereto."

Appellants are mistaken. The agreement of sale was not assigned or in any other way transferred. Rather, appellees Silberstein deeded the property in an entirely separate transaction from themselves, as the straw party grantees of the earlier deed, to the appellees Cross. Moreover, even though prior to the execution of the agreement of sale, appellees Silberstein had entered into a declaration of trust with appellees Cross whereby they agreed that following their acquisition of the land in question they would convey same to the Crosses, appellants' contention must fail. The Silbersteins did not thereby covenant to assign or transfer the agreement of sale. Rather, they agreed to *convey the land* to the Crosses, as they did.

Appellants further contend that they are entitled to reconveyance of the property because they were the victims of fraud and deceit. Again we disagree. According to the testimony of appellants' real estate agent, appellees Silberstein stated to him that they intended to build their own home on the lot and to live there as neighbors of the appellants. Believing that the purchasers of the lot were to be the Silbersteins, husband appellant personally inspected husband appellee Silberstein's place of work and arranged for a Dun and Bradstreet report on him. "As a result of these investigations," testified husband appellant, "I conluded that Mr. Silberstein would make a desirable neighbor." He further testified that he would not have entered

into the agreement of sale had he known that there had been any misrepresentation with reference to who was going to occupy the land. Section 304 of the Restatement 2d, Agency, provides: "A person with whom an agent contracts on account of an undisclosed principal can rescind the contract if he was induced to enter into it by a representation that the agent was not acting for a principal and if, as the agent or principal had notice, he would not have dealt with the principal."

While the instant record may indicate a representation by Silberstein that he was not acting on behalf of a principal, it is nonetheless barren of any evidence that appellants would not have dealt with the Crosses had their existence been known. Appellants' brief states, "In the case at bar there is no evidence that appellants brought this action because they had any prejudice against Negroes, but solely because of the fraud practiced upon them." At any rate, no matter what their reasons for objecting to the Crosses as neighbors, appellants cannot prevail because they have suffered no damages recognizable at law or in equity. The Silbersteins were under no legal duty to reveal the existence of their undisclosed principals. Accordingly, their concealment of their identities does not amount to fraud. In *Standard Steel Car Company v. Stamm*, 207 Pa. 419, 56 Atl. 954 (1904), this Court decided that the owner of a property may not defend an action for specific performance of an option agreement to purchase land on the ground that he had been defrauded in not having disclosed to him that the person to whom he had extended the option was in fact the agent of an undisclosed principal. The Court reasoned that since the parties dealt at arm's length on a pure business basis and the only important question was the price of the land, which the Court determined was fair and adequate, the concealment by the agent

490

of the existence and identity of his principal did not amount to deception such as would negate the transaction and the owner could not show damages. Likewise, in the instant matter, appellants have suffered no compensable damages. They agreed to sell the property for $10,000 and they received that amount. No claim has been made that the selling price was in any way inadequate. The mere fact that appellants did not realize that the Silbersteins intended to convey the land immediately after they had acquired the deed does not justify cancellation or rescission.

Decree affirmed. Each party to pay own costs.

Mr. Justice ROBERTS concurs in the result.